STEPHEN W. BALLOU, Appt., *vs.* OSBORN J. BALLOU, Admr.

FEBRUARY 11, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Administrators. Guardian. Competency of Administrator.*

A person who has been for many years the guardian of intestate is not disqualified to act as administrator, where he is otherwise eligible to appointment and his account as guardian has been finally allowed.

PROBATE APPEAL. Heard on exceptions of appellant, and overruled.

DUBOIS, C. J. This is an appeal from the decree of the Probate Court of Cumberland appointing Osborn J. Ballou administrator of the estate of his brother, Charles H. Ballou, late of said Cumberland, deceased. The appeal was heard before the presiding justice of the Superior Court, sitting without a jury, and comes to this court upon the following bill of exceptions:

"Respectfully represents the appellant in the above entitled cause that the same was heard, at jury trial waived, before Presiding Justice Tanner, on May 10th, 1909, who rendered a decision for the appellee. Thereafter the appellant duly excepted to said decision, and he now claims that said decision was erroneous, and that, upon the evidence, and admitted facts in said cause the appellee should not have been appointed administrator of the estate of Charles H. Ballou, on account of his interest antagonistic thereunto."

The case was heard in the Superior Court upon the appellant's reasons of appeal, but the main objection pressed at the hearing was that Osborn J. Ballou had been the guardian of Charles H. Ballou, a person *non compos mentis*, for a great many years before and up to the time of his death, at the age of about sixty-two years, and therefore he ought not to be appointed administrator of the estate of said Charles H. Ballou, because as guardian he would have to account to himself as administrator. The following facts were orally agreed upon before the Superior Court:

"1. Both the administrator and the appellant are brothers of Charles H. Ballou and both are business men each qualified to act as administrator.

"2. Said Stephen W. Ballou and Osborn J. Ballou are the only next of kin of deceased and are entitled to all of his estate.

"3. Osborn J. Ballou had for many years before the death of Charles H. Ballou acted as guardian of Charles H. Ballou and had rendered an account from time to time, but his final account filed in 1908 and the preceding account filed in 1906, though both allowed by the Probate Court of Cumberland, had been appealed from by said Stephen W. Ballou and on appeal had been tried before Mr. Justice Stearns and a jury and sustained

as originally filed. A new trial thereon had been denied by
Mr. Justice Stearns and said accounts were then pending in the
Supreme Court on exceptions to this decision."

The Superior Court held that on appeal it will not disturb
the appointment of the Probate Court unless there is some very
strong reason for so doing, and the fact that its opinion and
discretion, if exercised, might not agree with the decision of the
Probate Court is no reason for such interference; that the fact
that a person otherwise eligible to appointment has an interest
in the estate, or is a creditor, or has been guardian of the de-
ceased is not a positive legal disqualification, but these are facts
which may be considered by the Probate Court in exercising
their discretion on the original appointment; that even if the
appointment of Osborn J. Ballou was for any reason improper
originally, as his accounts have been filed and fully contested
by other parties in interest, the reason urged by appellant fails,
as Osborn J. Ballou will no longer as administrator have to
account with himself as guardian, and there is now at least no
reason why he should not act as administrator. And the
appointment of Osborn J. Ballou as administrator was con-
firmed.

The exceptions of the appellant are without merit. There
is nothing to indicate that the Probate Court of Cumberland
originally, or the Superior Court on appeal, abused the dis-
cretion reposed in them respectively in appointing the appellee
administrator of the estate of Charles H. Ballou. On the con-
trary, the action of said courts in respect of said appointment
was taken after they had allowed the accounts of Osborn J.
Ballou as guardian of said Charles H. Ballou; and their allow-
ance of said accounts has been sustained by this court. The
final allowance of the accounts has removed the only objection
made by the appellant to the appointment of his brother as
administrator of the estate of their brother, to wit: "On
account of his interest antagonistic thereunto." It is perfectly
apparent that no benefit could accrue to the estate of Charles
H. Ballou, wherein the parties hereto have an equal interest,
by now changing the administration thereof from one brother
to another, both being suitable and competent persons.

The appellant's exceptions are therefore overruled, and the cause is remanded to the Superior Court with direction to enter a decree in conformity with its decision and for further proceedings.

*Page & Cushing,* for appellant.

*Edwards & Angell,* for appellee.

*Edward P. Jastrum, Frank H. Swan,* of counsel.